THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

HELEN P. HOWELL; JILL K. STANTON;
and JENNIFER L. RAMIREZ ROBSON,

Plaintiffs,

v.

KING COUNTY HOUSING AUTHORITY, a
public agency; and STEPHEN J. NORMAN,
individually,

Defendants.

NO. 2:22-cv-00645-JHC

**ANSWER** TO FIRST AMENDED
COMPLAINT FOR DAMAGES,
INJUNCTIVE AND FURTHER RELIEF

COME NOW Defendants King County Housing Authority ("KCHA") and Stephen J.

Norman ("Norman") (collectively, "Defendants"), by and though their attorneys of record, and

hereby answer the First Amended Complaint for Damages, Injunctive and Further Relief (the

"Amended Complaint") filed by Plaintiffs in this matter. All allegations that are not specifically

admitted are denied.

Defendants admit the allegations in the first sentence of the first paragraph of the

Amended Complaint and deny the allegations in the second sentence.

Defendants admit that Plaintiffs Helen P. Howell ("Howell") and Jill K. Stanton

("Stanton") made various claims of discrimination and retaliation, but deny the remaining

allegations in the second paragraph of the Amended Complaint.

Defendants admit that various employees, including Howell and Jennifer Ramirez

Robson ("Ramirez Robson"), who identified themselves by categories of ethnicity or race other

ANSWER TO FIRST AMENDED COMPLAINT - 1
[Case No. 2:22-cv-00645]

than white, reported directly to Norman at KCHA. Defendants deny the remaining allegations in the third paragraph of the Amended Complaint.

The fourth paragraph of the Amended Complaint states only legal conclusions to which no answer is required; to the extent an answer is required, the allegations in this sentence are denied.

## I. PARTIES

1.1.     Defendants admit the allegations of Paragraph 1.1.

1.2.     Defendants admit the allegations of Paragraph 1.2.

1.3.     Defendants admit the allegations of Paragraph 1.3.

1.4.     Defendants admit the allegations of Paragraph 1.4.

1.5.      Defendants admit the allegations of Paragraph 1.5.

## II. JURISDICTION AND VENUE

2.1.     Defendants state that the allegations of Paragraph 2.1 are only legal conclusions to which no answer is required. To the extent that the Court requires an answer to such allegations, they are denied.

2.2.     Defendants state that the allegations of Paragraph 2.2 are only legal conclusions to which no answer is required. To the extent that the Court requires an answer to such allegations, they are denied.

2.3.     Defendants state that the allegations of Paragraph 2.3 are only legal conclusions to which no answer is required. To the extent that the Court requires an answer to such allegations, they are denied.

2.4.     Defendants admit that Plaintiffs submitted notice of tort claims to KCHA on November 12, 2021. Defendants state that the remaining allegations of Paragraph 2.4 are only legal conclusions to which no answer is required. To the extent that the Court requires an answer to such allegations, they are denied.

ANSWER TO FIRST AMENDED COMPLAINT - 2
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

2.5.     Defendants state that the allegations of Paragraph 2.5 are only legal conclusions to which no answer is required. To the extent that the Court requires an answer to such allegations, they are denied.

2.6.     Defendants admit that Norman is a resident of, and KCHA is located in, the Western District of Washington. Defendants state that the remaining allegations of Paragraph 2.6 are only legal conclusions to which no answer is required. To the extent that the Court requires an answer to such allegations, they are denied.

### III. STATEMENT OF FACTS

3.1.     Defendants admit the allegations in the first sentence of Paragraph 3.1. Defendants admit the allegations in the second sentence of Paragraph 3.1. Defendants deny that KCHA employs approximately 400 employees, as the number is 450 (not including seasonal workers); Defendants admit the remaining allegations in the third sentence of Paragraph 3.1. Defendants deny that KCHA serves people in 33 cities, as the number is 38; Defendants admit the remaining allegations in the fourth sentence of Paragraph 3.1. Defendants admit the allegations in the fifth sentence of Paragraph 3.1. As to the sixth sentence of Paragraph 3.1, Defendants admit that the majority of all residents served (58%) self-identify as "people of color"; and approximately 81% of children served identify as "Black, Indigenous, or People of Color." Defendants deny the remaining allegations in the sixth sentence of Paragraph 3.1.

3.2.     Defendants admit that Norman is male and Caucasian, that he became the Executive Director of KCHA in 1997, and that he retired in December 2021 at the end of his three-year contract, as planned for a number of years. Defendants deny the remaining allegations of Paragraph 3.2.

3.3.     Defendants admit the allegations in the initial sentence of Paragraph 3.3. Defendants state that Dan Watson ("Watson") had a date of hire of December 20, 1976; Tim Walter ("Walter") had a date of hire of July 9, 1992; that Mike Reilly ("Reilly") had a date of hire of June 22, 1981, and Connie Davis ("Davis") had a date of hire of March 15, 1995.

ANSWER TO FIRST AMENDED COMPLAINT - 3
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

1   Defendants admit the remaining allegations of Paragraph 3.3(a). As to Paragraph 3.3(b),

2   Defendants admit that some Senior Staff members, the numbers of which fluctuated over time,

3   reported directly to Norman, while others did not. Defendants further admit that some members

4   of Senior Staff identified themselves by categories of ethnicity or race other than white.

5   Defendants deny the remaining allegations of Paragraph 3.3.

6         3.4.    Defendants admit the allegations in the first two sentences of Paragraph 3.4.

7   Defendants admit that that some members of Senior Staff identified themselves by categories

8   of ethnicity or race other than white, and that Ramirez Robson, Shawli Hathaway, and Wen Xu

9   so identified themselves. Defendants deny the remaining allegations of Paragraph 3.4.

10        3.5.    Defendants admit that Howell identifies as an African-American female; that

11  Norman recruited Howell and other candidates for the newly-titled position of Senior Director

12  of Policy, Research and Social Impact Initiatives to report directly to Norman; and that Howell

13  began work on February 25, 2019. Defendants deny the remaining allegations in the first

14  sentence of Paragraph 3.5. Defendants admit the allegations in the second sentence of

15  Paragraph 3.5. Defendants admit that Howell was the first African-American woman on the

16  Executive Leadership Team; that some KCHA employees identified themselves by categories

17  of ethnicity or race other than white; and that Howell so identified herself. Defendants deny the

18  remaining allegations in the third sentence of Paragraph 3.5. Defendants admit that that some

19  members of Senior Staff identified themselves by categories of ethnicity or race other than

20  white, and that Ramirez Robson, Shawli Hathaway, and Wen Xu so identified themselves, as

21  did other members of Senior Staff, including Tonya Harlan ("Harlan"). Defendants deny the

22  remaining allegations of Paragraph 3.5.

23        3.6.    As to the first sentence of Paragraph 3.6. Defendants admit that Ramirez Robson

24  started at KCHA in 2014 as Director of Resident Services; lack knowledge sufficient to form a

25  belief as to Ramirez Robson's knowledge of her place on her salary pay band; and deny the

26  remaining allegations in that sentence, including the allegation that Norman set her salary.

ANSWER TO FIRST AMENDED COMPLAINT - 4
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

1    Defendants admit the allegations in the second through sixth sentences of Paragraph 3.6. As to

2    the final sentence of Paragraph 3.6. Defendants admit that Donna Kimbrough was employed as

3    the Human Resources Director in 2013; lack knowledge sufficient to form a belief as to the

4    content of any conversation between Ramirez Robson and Kimbrough regarding Ramirez

5    Robson's compensation in 2014; and deny the remaining allegations in that sentence.

6       3.7. Defendants admit that during Ramirez Robson's employment, various

7    employees were hired as directors at KCHA, and that some of them were white. Defendants

8    deny the remaining allegations in the first sentence of Paragraph 3.7. Defendants admit that

9    various employees, including directors, were given an opportunity to receive coaching from an

10   outside consultant on a voluntary basis; and that Ramirez Robson agreed to receive coaching.

11   Defendants deny the remaining allegations of Paragraph 3.7.

12      3.8. Defendants deny the allegations of Paragraph 3.8, including all subparts.

13      3.9. Defendants admit that Norman held one-on-one meetings with Ramirez Robson;

14   and that the Assistant Director, who identified as multi-racial, joined some of those meetings.

15   Defendants deny the remaining allegations of Paragraph 3.9.

16      3.10. Defendants lack knowledge sufficient to form a belief as to whether Ramirez

17   Robson "felt he was trying to get her to quit." Defendants admit that Norman assigned Ramirez

18   Robson various tasks, including some having to do with community engagement, and some of

19   which did not go forward. Defendants deny the remaining allegations of Paragraph 3.10.

20      3.11. Defendants deny the allegations in the first sentence of Paragraph 3.11.

21   Defendants admit that Ramirez Robson did not receive a formal annual performance review

22   from 2014 until years later, but deny the remaining allegations in the second sentence of

23   Paragraph 3.11. Defendants deny the allegations in the third sentence of Paragraph 3.11.

24   Defendants admit that Ramirez Robson's starting compensation was near the lowest point in

25   the pay band, and that she earned less than one of her subordinates in late 2019. Defendants

26   deny the remaining allegations in the fourth sentence of Paragraph 3.11, including the

ANSWER TO FIRST AMENDED COMPLAINT - 5
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

1    allegation that her salary placement was connected with whether or not she received a

2    performance review. Defendants deny the remaining allegations of Paragraph 3.11.

3        3.12.    Defendants admit that Ramirez Robson, Harlan, and Norman attended a meeting

4    in March 2018, but deny the remaining allegations in the first sentence of Paragraph 3.12.

5    Defendants admit that Ramirez Robson cried at one point during the meeting, but deny the

6    remaining allegations in the second sentence of Paragraph 3.12. Defendants admit that after the

7    meeting Harlan comforted Ramirez Robson by handing her a tissue and stating that she

8    (Harlan) was sorry that Ramirez Robson was upset; Defendants deny the remaining allegations

9    in that sentence. As to the fourth and fifth sentences, Defendants lack knowledge sufficient to

10   form a belief as to Ramirez Robson's mental state. Defendants admit that Ramirez Robson later

11   sent an email to Norman regarding the meeting, but deny any allegations regarding the content

12   of that email that differ from the specific language in the email. Defendants deny the

13   allegations of Paragraph 3.12.

14       3.13.    Defendants admit that Norman set a date in August 2018 to discuss another

15   approach to supporting Ramirez Robson's success through closer supervision by another

16   member of the Executive Team, but deny the remaining allegations in the first sentence of

17   Paragraph 3.13. As to the second sentence, Defendants are without knowledge as to whether

18   Ramirez Robson prepared a self-evaluation form or the content of such a document. Defendants

19   admit that the August 2018 meeting was brief; that Norman told Ramirez Robson that she

20   would be reporting to Mike Reilly; that Reilly was a Deputy Executive Director; and that Reilly

21   reported to Norman. Defendants deny the remaining allegations in the third, fourth and fifth

22   sentences of Paragraph 3.13. Defendants deny the allegations of the sixth sentence of Paragraph

23   3.13. Defendants admit the allegations in the final sentence of Paragraph 3.13.

24       3.14.    Defendants admit the allegations in the first sentence of Paragraph 3.14, but

25   deny the remaining allegations of Paragraph 3.14.

26

ANSWER TO FIRST AMENDED COMPLAINT - 6
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

3.15.    Defendants admit the allegations in the first sentence of Paragraph 3.15. As to the second and third sentences of Paragraph 3.15, Defendants deny that Norman mistreated women, had a belligerent tone or manner toward them, or abused them; and Defendants deny that Harlan spoke with Stanton about Norman's behavior. Defendants lack knowledge sufficient to form a belief as to the remaining allegations in those sentences. As to the fourth sentence, Defendants admit that Stanton is a professional executive, but lack knowledge sufficient to form a belief as to the remaining allegations in that sentence. Defendants deny the allegations in the fifth and sixth sentences of Paragraph 3.15. Defendants admit that Tim Walter in a private meeting respectfully asked Stanton whether she knew what a capital account was, but deny the remaining allegations of Paragraph 3.15.

3.16.    Defendants admit that Norman's administrative assistant was Jessica Olives, an African-American woman, but deny the remaining allegations in the first sentence of Paragraph 3.16. Defendants lack knowledge sufficient to form a belief as to the allegations in the second sentence of Paragraph 3.16. Defendants deny the allegations in the third sentence of Paragraph 3.16. As to the final sentence of Paragraph 3.16, Defendants admit that Jessica Olives resigned in 2018; Defendants lack knowledge sufficient to form a belief as to her compensation after resignation from KCHA; and Defendants deny the remaining allegations.

3.17.    Defendants admit the allegations in the first sentence of Paragraph 3.17. As to the second sentence of Paragraph 3.17, Defendants lack knowledge sufficient to form a belief as to what unidentified women staff told Stanton, and deny the remaining allegations. As to the bulleted paragraphs, Defendants state as follows:

- Defendants deny the allegations in the first bullet of Paragraph 3.17.
- Defendants deny the allegations in the second bullet of Paragraph 3.17.
- Defendants admit that over Norman's tenure at KCHA, various employees, including some of those listed in the third bullet of Paragraph 3.17, were the

ANSWER TO FIRST AMENDED COMPLAINT - 7
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

1    subject of an internal complaint, but deny the remaining allegations in the

2    second bullet of Paragraph 3.17.

3    • Defendants admit that a workplace consultant came to KCHA in 2017, but deny

4    the remaining allegations in the fourth bullet of Paragraph 3.17.

5    • Defendants deny the allegations in the fifth and sixth bullets of Paragraph 3.17.

6    3.18.    As to the first sentence of Paragraph 3.18, Defendants lack knowledge sufficient

7    to form a belief as to Stanton's desires with respect to the workplace, and deny the remaining

8    allegations in that sentence. Defendants admit that Stanton made various reports of her

9    concerns about workplace culture, including concerns about alleged disrespect from her direct

10    subordinates, but deny the remaining allegations in the second, third, fourth, fifth, and sixth

11    sentences of Paragraph 3.18. Defendants lack knowledge sufficient to form a belief as to the

12    truth or falsity of the allegations in the final sentence of Paragraph 3.18.

13    3.19.    As to the first sentence of Paragraph 3.19, Defendants admit that Stanton's

14    starting salary was either $28,558 or $31,360 less than other Deputy Directors (both of whom

15    had at least 35 years of service at KCHA) and that she had a lower salary than Senior Director

16    Walter (who had more than 25 years of service at KCHA); lack knowledge sufficient to form a

17    belief as to Stanton's knowledge of other executives' salaries; and deny the remaining

18    allegations. As to the second sentence of Paragraph 3.19, Defendants admit that Finance

19    Director Violante and IT Director Leaf Stanton were paid $7,915 and $11,000 respectively

20    more than Stanton's starting salary, and that both Directors had nearly 10 years of service with

21    KCHA. Defendants admit the remaining allegations of Paragraph 3.19.

22    3.20.    Defendants deny the allegations in the first sentence of Paragraph 3.20. As to the

23    bulleted paragraphs, Defendants state as follows:

24    • Defendants admit that Pam Taylor identifies as an African-American woman,

25    and that she had raised dissatisfactions with her pay in self-reviews; Defendants

26    deny the remaining allegations in the first bullet of Paragraph 3.20.

ANSWER TO FIRST AMENDED COMPLAINT - 8
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

- Defendants admit that Therese Ross identifies as an African-American woman who works in the KCHA Human Resources Department; that former Deputy Executive Director of Administration Connie Davis informed Ross that she was not selected to serve as the HR Director; and that Ross was promoted to Associate Director three years later. Defendants deny the remaining allegations in the second bullet of Paragraph 3.20.

- Defendants deny the allegations in the third bullet of Paragraph 3.20.

3.21.    As to the first sentence of Paragraph 3.21, Defendants lack knowledge sufficient to form a belief as to Stanton's emotional state, and deny the remaining allegations in that sentence. Defendants admit that Stanton spoke to other members of the Executive Management Team, but deny the remaining allegations in the second sentence of Paragraph 3.21. As to the third sentence of Paragraph 3.21, Defendants lack knowledge sufficient to form a belief as to Stanton's perception of her experience at KCHA or her desire to leave, but deny the remaining allegations in that sentence. Defendants deny any vindictiveness or sabotage, and lack knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in the final sentence of Paragraph 3.21.

3.22.    As to the first sentence of Paragraph 3.22, Defendants lack knowledge sufficient to form a belief as to Stanton's knowledge of the recruiting of Howell or her emotions upon Howell's hire. Defendants admit that Norman spoke with Howell regarding her duties and responsibilities, but deny the remaining allegations in the second sentence of Paragraph 3.22. Defendants admit the remaining allegations of Paragraph 3.22.

3.23.    As to the first two sentences of Paragraph 3.23, Defendants admit that Norman was pleased that Howell agreed to work for KCHA and that he was gratified by continuing to promote diversity in KCHA's workforce, including the hiring of African-Americans and women. Defendants deny the remaining allegations of Paragraph 3.23.

ANSWER TO FIRST AMENDED COMPLAINT - 9
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

1     3.24.   Defendants admit the allegations in the first sentence of Paragraph 3.24. As to

2    the allegations in the second sentence of Paragraph 3.24, Defendants lack knowledge sufficient

3    to form a belief as to Howell's compensation before joining KCHA; and admit that Human

4    Resources developed the new classification of Senior Director for Policy, Research, and Social

5    Impact and its assignment to Pay Band M in alignment with KCHA pay practices in 2018; and

6    that Stanton and Human Resources set Howell's starting salary at the top end of the M pay

7    band. Defendants admit the remaining allegations of Paragraph 3.24.

8     3.25.   Defendants deny the allegations in the first sentence of Paragraph 3.25. As to

9    bulleted paragraphs, Defendants state as follows:

10        • Defendants deny the allegations in the first bullet of Paragraph 3.25.

11        • Defendants deny the allegations in the second bullet of Paragraph 3.25.

12        • Defendants deny the allegations in the third bullet of Paragraph 3.25.

13        • Defendants deny the allegations in the fourth bullet of Paragraph 3.25.

14        • Defendants deny the allegations in the fifth bullet of Paragraph 3.25.

15        • Defendants deny the allegations in the sixth bullet of Paragraph 3.25.

16        • Defendants admit that Pam Taylor complained about not receiving promotions

17          at KCHA, but deny the remaining allegations in the seventh bullet of Paragraph

18          3.25.

19        • Defendants deny the allegations in the final bullet of Paragraph 3.25.

20        3.26.   Defendants deny the allegations in the first sentence of Paragraph 3.26. As to

21    second sentence of Paragraph 3.26, Defendants lack knowledge sufficient to form a belief as to

22    Howell's knowledge of other executives' salaries; admit that Stanton and Howell had initial

23    compensation lower than other executives, some of whom were white males with many more

24    years of service at KCHA. Defendants deny the remaining allegations of Paragraph 3.26.

25        3.27.   Defendants lack knowledge sufficient to form a belief as to Howell's emotions,

26    but deny the remaining allegations of the first sentence of Paragraph 3.27. Defendants admit

ANSWER TO FIRST AMENDED COMPLAINT - 10
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

1  that Howell complained to Norman about the workplace environment, but denies the remaining

2  allegations in the second and third sentences of Paragraph 3.27.

3       3.28    Defendants deny the allegations in the first four sentences of Paragraph 3.28.

4  Defendants admit that Howell told Norman in late spring 2019 that she had difficulty reporting

5  to a white male; that she felt like a "token"; and that she believed she was experiencing race

6  and gender discrimination. Defendants deny the remaining allegations in the fifth sentence of

7  Paragraph 3.28. Defendants admit that Howell spoke with Norman about Howell's concerns

8  with Stanton's pay in comparison with other executives and with Stanton's male subordinates.

9  Defendants deny the remaining allegations of Paragraph 3.28.

10       3.29    Defendants admit that Howell raised various workplace issues with Norman,

11  including Stanton's pay and made suggestions as to her view of how to improve the workplace,

12  but denies the remaining allegations in the first sentence of Paragraph 3.29. Defendants deny

13  the remaining allegations of Paragraph 3.29.

14       3.30    Defendants deny the allegations of Paragraph 3.30.

15       3.31    Defendants admit that Stanton complained that Howell was being tokenized

16  when Norman asked Howell for advice regarding advancing race and equity initiatives at

17  KCHA, but deny the remaining allegations in the first sentence of Paragraph 3.31. Defendants

18  admit the allegations in the second sentence of Paragraph 3.31. Defendants admit that during an

19  Executive Leadership Team meeting where Howell was not present, Stanton raised concerns

20  about Howell's pay band and compensation; defendants deny the remaining allegations in the

21  third sentence of Paragraph 3.31. Defendants admit the allegations in the fourth sentence of

22  Paragraph 3.31. Defendants admit that Stanton spoke with various coworkers, including

23  Watson and Walters, about Howell's role within KCHA. Defendants deny the remaining

24  allegations of Paragraph 3.31.

25       3.32    Defendants deny the allegations of Paragraph 3.32.

26

ANSWER TO FIRST AMENDED COMPLAINT - 11
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

1    3.33    Defendants deny the allegations in the first, second and third sentences of

2 Paragraph 3.33. Defendants admit that Stanton arranged for a trainer for the Executive

3 Leadership Team, but deny the remaining allegations in the fourth sentence of Paragraph 3.33.

4 Defendants admit that before and during Stanton's and Howell's tenure, the full Executive

5 Leadership Team favored additional consulting work with senior staff and continued

6 improvements in workplace culture. Defendants deny the remaining allegations of Paragraph

7 3.33.

8    3.34    Defendants admit that Norman, Howell, and other KCHA employees attended a

9 budget meeting on November 20, 2019 and that Howell sent a written complaint to Norman

10 about the events during that meeting. Defendants deny the remaining allegations of Paragraph

11 3.34.

12    3.35    Defendants deny the allegations of Paragraph 3.35.

13    3.36    Defendants admit that Archbright, a workplace consultant, provided training in

14 January 2020, attended by various management staff. Defendants deny the remaining

15 allegations of Paragraph 3.36.

16    3.37    Defendants admit that Howell made the statements alleged in the first two

17 sentences of Paragraph 3.37, but deny the truth of those assertions. Defendants admit the

18 allegations in the third sentence of Paragraph 3.37. Defendants admit that Norman authorized a

19 7% merit increase for Stanton, but deny the remaining allegations in the fourth sentence of

20 Paragraph 3.37. Defendants admit that Howell and Stanton complained about Stanton's

21 compensation as alleged in the fifth sentence of Paragraph 3.37, but deny the truth of those

22 assertions. Defendants deny the allegations in the sixth sentence of Paragraph 3.37. Defendants

23 admit the allegations in the seventh sentence of Paragraph 3.37. Defendants admit that no back

24 pay was provided. Defendants deny the remaining allegations of Paragraph 3.37.

25    3.38    Defendants admit that before and during Stanton's and Howell's tenure, the full

26 Executive Leadership Team favored additional consulting work with senior and executive staff

ANSWER TO FIRST AMENDED COMPLAINT - 12
[Case No. 2:22-cv-00645]

FG:100424185.6

and continued improvements in workplace culture, but deny the remaining allegations in the first sentence of Paragraph 3.38. Defendants deny the allegations in the second sentence of Paragraph 3.38. Defendants deny the allegations in the third sentence of Paragraph 3.38, including the allegations that there is or was a "the toxic and discriminatory culture or hostile workplace." As to the fourth sentence of Paragraph 3.38, Defendants admit that Stanton sent an email to Norman and the Leadership Team that alleged problems that she and Howell allegedly raised, deny any allegations regarding the content of that email that differ from the specific language in the email, and deny that Norman did not act on Stanton's past verbal complaints. As to the final sentence of Paragraph 3.38, Defendants admit that Howell and Stanton wrote portions of emails from April 17 through April 19, 2020, and deny any allegations regarding the content of those emails that differ from the specific language in the emails. Defendants deny the remaining allegations of Paragraph 3.38.

3.39    Defendants admit that Norman stated that he took the complaints seriously and that Howell stated that Norman needed to take action, but deny the remaining allegations of Paragraph 3.39.

3.40    Defendants admit that Stanton and Howell sent emails to Norman on June 1 and June 2, 2020, but deny any allegations regarding the content of that document that differ from the specific language in the documents. Defendants admit that Norman stated that he took the issues in the emails seriously, but deny the remaining allegations of Paragraph 3.40.

3.41    Defendants admit that Norman apprised Board Chair Doug Barnes of concerns of discrimination raised by Howell and Stanton, but deny the remaining allegations in the first sentence of Paragraph 3.41. Defendants deny the allegations in the second sentence of Paragraph 3.41.

3.42    Defendants admit that in July 2020, the Senior Staff participated in training provided by Crossroads entitled "Introduction to Systemic Racism." Defendants deny the remaining allegations in the first sentence of Paragraph 3.42. Defendants admit that participants

ANSWER TO FIRST AMENDED COMPLAINT - 13
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

1    were invited to engage with the facilitator about potential racism, but deny the remaining

2    allegations in the second sentence of Paragraph 3.42. Defendants lack knowledge sufficient to

3    form a belief as to what unidentified persons may have reported to other unidentified persons

4    during or after the training. Defendants deny the remaining allegations of Paragraph 3.42.

5         3.43    Defendants deny the allegations in the first sentence of Paragraph 3.43.

6    Defendants admit that Norman had a one-on-one meeting with Howell on August 19, 2020, but

7    deny the remaining allegations in the second sentence of Paragraph 3.43. Defendants deny the

8    allegations in the third sentence of Paragraph 3.43. As to the fourth sentence of Paragraph 3.43,

9    Defendants admit that Howell asked about her access to Norman's calendar; that Norman

10   removed access to the content of scheduled meetings, not the dates and timings of such

11   meetings; and that limited access was appropriate in light of Norman's need to meet with others

12   to carefully and effectively respond to Howell's complaints and Stanton's failure to allow

13   Norman access to her calendar; Defendants further state that several days later, Norman and

14   Stanton restored full access to their calendars. Defendants deny the remaining allegations of

15   Paragraph 3.43.

16        3.44    Defendants admit the allegations in the first sentence of Paragraph 3.44.

17   Defendants lack knowledge sufficient to form a belief as to Howell's knowledge of emails sent

18   by Norman, and deny the remaining allegations of Paragraph 3.44.

19        3.45    Answering the first sentence of Paragraph 3.45, Defendants admit that KCHA's

20   Board of Commissioners engaged the law firm Montgomery Purdue to oversee and manage an

21   independent review and investigation into potential discrimination, harassment and retaliation

22   in KCHA's workplace. Defendants further admit that Montgomery Purdue engaged MFR Law

23   Group to conduct an independent and neutral investigation into the certain workplace

24   allegations at KCHA, but deny the remaining allegations in the first sentence of Paragraph

25   3.45. Defendants deny the allegations in the second sentence of Paragraph 3.45, and state that

26   the investigation was initially described to employees as looking into potential issues involving

ANSWER TO FIRST AMENDED COMPLAINT - 14
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

1  KCHA's pay and promotions practices; subsequent communications clarified that the

2  investigation would also extend to issues involving allegations of bullying, discrimination,

3  harassment and retaliation in the workplace. Defendants deny the remaining allegations in the

4  second sentence of Paragraph 3.45. Answering the third sentence of Paragraph 3.45,

5  Defendants admit that Ms. Stanton and Ms. Howell agreed to participate in the investigation,

6  but lack sufficient knowledge to form a belief about what Stanton and Howell understood about

7  the investigation. Defendants deny the remaining allegations in the third sentence of Paragraph

8  3.45. Answering the fourth sentence of Paragraph 3.45, Defendants lack sufficient knowledge

9  to form a belief about what Howell and Stanton realized about the investigation. Defendants

10  deny the remaining allegations in the fourth sentence of Paragraph 3.45. Defendants admit that,

11  during the pendency of the investigation, Howell sent emails and other written correspondence

12  in which she complained about the investigation and asserted new allegations of misconduct,

13  but deny the remaining allegations in the fifth sentence of Paragraph 3.45. Defendants admit

14  that, during the pendency of the investigation, Ms. Stanton made written complaints about the

15  investigation, but lack sufficient knowledge to form a belief as to what Stanton felt during the

16  investigation. Defendants deny the remaining allegations of Paragraph 3.45.

17      3.46     Defendants lack knowledge sufficient to form a belief as to the allegations in the

18  first five sentences of Paragraph 3.46. Defendants deny the remaining allegations of Paragraph

19  3.46.

20      3.47     Defendants admit the allegations in the first sentence of Paragraph 3.47.

21  Defendants deny the remaining allegations of Paragraph 3.47.

22      3.48     Defendants deny the allegations of Paragraph 3.48.

23      3.49     Defendants deny the allegations of Paragraph 3.49.

24      3.50     Defendants deny the allegations in the first sentence of Paragraph 3.50.

25  Defendants lack knowledge sufficient to form a belief as to the allegations in the second

26  sentence of Paragraph 3.50. Defendants admit the allegations in the third sentence of Paragraph

ANSWER TO FIRST AMENDED COMPLAINT - 15
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

1    3.50. As to the final sentence of Paragraph 3.50, Defendants admit that in December 2020

2    Howell received a workplace complaint by an African-American male that she forwarded to

3    KCHA's legal counsel; and further answer that after the investigation it was determined that

4    there was insufficient evidence to substantiate the complaint. Defendants deny the remaining

5    allegations of Paragraph 3.50.

6           3.51    Defendants admit that Stanton gave notice of resignation on December 11, 2020,

7    but deny the remaining allegations of Paragraph 3.51.

8           3.52    Defendants admit the allegations in the first sentence of Paragraph 3.52, but

9    deny the remaining allegations of Paragraph 3.52.

10          3.53    Defendants lack knowledge sufficient to form a belief as to the allegations in the

11   first and second sentences of Paragraph 3.53. Defendants deny the remaining allegations of

12   Paragraph 3.53.

13          3.54    Defendants admit that Ramirez Robson contacted Board Commissioner Michael

14   Brown ("Brown"), but deny the remaining allegations in the first sentence of Paragraph 3.54.

15   Defendants admit that Brown advised Ramirez Robson to contact Commissioners Welch and

16   Palmer regarding her concerns, but deny the remaining allegations in the second sentence of

17   Paragraph 3.54. Defendants admit that Ramirez Robson met with Commissioners Welch and

18   Palmer on December 18, 2020, but deny the remaining allegations in the third second sentence

19   of Paragraph 3.54. Defendants deny the allegations in the fourth sentence of Paragraph 3.54.

20   Defendants lack knowledge sufficient to form a belief as to the allegations in the fifth and sixth

21   sentences of Paragraph 3.54.

22          3.55    Defendants deny the allegations in the first sentence of Paragraph 3.55.

23   Defendants lack knowledge sufficient to form a belief as to the allegations in the second

24   sentence of Paragraph 3.55. As to the third sentence of Paragraph 3.55, Defendants admit that

25   Ramirez Robson sent an email to Commissioners Welch and Palmer regarding the

26

ANSWER TO FIRST AMENDED COMPLAINT - 16
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

investigation, but deny any allegations regarding the content of that email that differ from the specific language in the email. Defendants deny the remaining allegations of Paragraph 3.55.

3.56    Defendants admit that Ramirez Robson resigned from KCHA on July 9, 2021. Defendants lack knowledge sufficient to form a belief as to Ramirez Robson's level of exhaustion or job search, and deny the remaining allegations of Paragraph 3.56.

3.57    Defendants deny the allegations of Paragraph 3.57.

3.58    Defendants deny the allegations in the first sentence of Paragraph 3.58. Defendants admit that Norman was the senior executive at KCHA and made some hiring and promotional decisions, but deny the remaining allegations in the second sentence of Paragraph 3.58. Defendants deny the allegations in the third sentence of Paragraph 3.58. Defendants deny the allegations in the fourth sentence of Paragraph 3.58. Defendants admit that Howell and Ramirez Robson made reports about workplace issues, but deny the remaining allegations in the fifth sentence of Paragraph 3.58. Defendants admit the allegations in the sixth sentence of Paragraph 3.58. Defendants deny the allegations in the seventh sentence of Section 3.58. Defendants lack knowledge sufficient to form a belief as to the allegations in the eighth and ninth sentences of Paragraph 3.58. Defendants deny the allegations in the tenth sentence of Paragraph 3.58. Defendants admit that Ashley Lommers-Johnson played an important role in the Moving to Work project, and that the project netted KCHA millions of dollars over the years from the US Department of Housing and Urban Development; Defendants deny the remaining allegations in the eleventh sentence of Paragraph 3.58. Defendants lack knowledge sufficient to form a belief as to the allegations in the twelfth sentence of Paragraph 3.58. Defendants deny the remaining allegations of Paragraph 3.58.

3.59    Defendants deny the allegations of Paragraph 3.59.

ANSWER TO FIRST AMENDED COMPLAINT - 17
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

## IV. <u>FIRST CAUSE OF ACTION</u>
**Violations of Washington's Law Against Discrimination (Chapter 49.60 RCW)**
**(against both Defendants)**

4.1.    Answering Paragraph 4.1, Defendants reassert and incorporate their answers to Paragraphs 1.1 through 3.59.

4.2.    Defendants deny the allegations in subparagraphs (a) through (e) of Paragraph 4.2.

4.3.    Defendants deny the allegations of Paragraph 4.3.

4.4.    Defendants deny the allegations of Paragraph 4.4.

4.5.    Defendants deny the allegations of Paragraph 4.5.

4.6.    Defendants deny the allegations of Paragraph 4.6.

4.7.    Defendants deny the allegations of Paragraph 4.7.

4.8.    Defendants deny the allegations of Paragraph 4.8.

## V. <u>SECOND CAUSE OF ACTION</u>
**Violations of the Washington Equal Pay and Opportunities Act, Chapter 49.58 RCW**
**(against Defendant KCHA)**

5.1.    Answering Paragraph 5.1, KCHA reasserts and incorporates its answers to Paragraphs 1.1 through 3.59.

5.2.    KCHA denies the allegations of Paragraph 5.2.

5.3.    KCHA denies the allegations of Paragraph 5.3.

5.4.    KCHA denies the allegations of Paragraph 5.4.

5.5.    KCHA denies the allegations of Paragraph 5.5.

5.6.    KCHA denies the allegations of Paragraph 5.6.

## VI. <u>THIRD CAUSE OF ACTION</u>
**Violation of the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1982, as to**
**Plaintiffs Howell and Ramirez Robson Based on Race**
**(against Defendant KCHA and Defendant Norman in his personal capacity)**

6.1.    Answering Paragraph 6.1, Defendants reassert and incorporate their answers to Paragraphs 1.1 through 3.59.

ANSWER TO FIRST AMENDED COMPLAINT - 18
[Case No. 2:22-cv-00645]

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

1

6.2.     Defendants deny the allegations of Paragraph 6.2.

2

6.3.     Defendants deny the allegations of Paragraph 6.3.

3

6.4.     Defendants deny the allegations of Paragraph 6.4.

4

6.5.     Defendants deny the allegations of Paragraph 6.5.

5

6.6.     Defendants deny the allegations of Paragraph 6.6.

6

6.7.     Defendants deny the allegations of Paragraph 6.7.

7

6.8.     Defendants deny the allegations of Paragraph 6.8.

8

6.9.     Defendants deny the allegations of Paragraph 6.9.

9

6.10.   Defendants deny the allegations of Paragraph 6.10.

10

## VII. <u>FOURTH CAUSE OF ACTION</u>

11

**Violation of Equal Protection Clause to the United States Constitution
and the Civil Rights Act of 1871, *as amended*, 42 U.S.C. § 1983,
as to all Plaintiffs Based on Gender
(against Defendant KCHA and Defendant Norman in his personal capacity)**

12

13

7.1.     Answering Paragraph 7.1, Defendants reassert and incorporate their answers to

14

Paragraphs 1.1 through 3.59.

15

7.2.     Defendants deny the allegations of Paragraph 7.2.

16

7.3.     Defendants deny the allegations of Paragraph 7.3.

17

7.4.     Defendants deny the allegations of Paragraph 7.4.

18

7.5.     Defendants deny the allegations of Paragraph 7.5.

19

7.6.     Defendants deny the allegations of Paragraph 7.6.

20

7.7.     Defendants deny the allegations of Paragraph 7.7.

21

7.8.     Defendants deny the allegations of Paragraph 7.8.

22

7.9.     Defendants deny the allegations of Paragraph 7.9.

23

7.10.   Defendants deny the allegations of Paragraph 7.10.

24

25

26

ANSWER TO FIRST AMENDED COMPLAINT - 19
[Case No. 2:22-cv-00645]

FG:100424185.6

## VIII. FIFTH CAUSE OF ACTION
### Violation of Title VI of the Civil Rights Act of 1964
### and the Civil Rights Act of 1871, *as amended*, 42 U.S.C. § 1983,
### as to Plaintiffs Howell and Ramirez Robson Based on Race and
### as to all Plaintiffs Based on Retaliation
### (against Defendant KCHA)

8.1.     Answering Paragraph 8.1, KCHA reasserts and incorporates its answers to Paragraphs 1.1 through 3.59.

8.2.     Paragraph 8.2 contains only legal conclusions to which no answer is appropriate. To the extent that the Court requires an answer to such allegations, they are denied.

8.3.     KCHA admits the allegations in the first sentence of Paragraph 8.3. Answering the second sentence of Paragraph 8.3, KCHA denies that the "primary objective" of the federal financial assistance received by KCHA was to provide employment. The remaining allegations of Paragraph 8.3 do not contain any allegation of fact to which a response is required. To the extent that a response is required, KCHA denies those allegations.

8.4.     KCHA denies that it received federal financial assistance from HUD where "a primary objective" of the financial assistance was to provide employment.

a.     Answering the first sentence of Paragraph 8.4(a), KCHA admits that Moving to Work ("MTW") is a federal program enacted by Congress to provide statutory and regulatory flexibility to participating public housing agencies but states that the statute, 42 U.S.C. §1437f, speaks for itself. Answering the second and third sentences of Paragraph 8.4(a), KCHA admits that it is a participant in the MTW program, that it has adopted goals for its MTW program that include promoting greater economic independence for families and individuals living in subsidized housing by addressing barriers to employment and facilitating access to training and education programs, and that HUD provides KCHA with Section 8 and Public Housing block grants; but KCHA denies all other allegations in those sentences. KCHA denies the allegations in the fourth sentence of Paragraph 8.4(a). KCHA admits the allegations

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

1   in the fifth and sixth sentences of Paragraph 8.4(a). KCHA denies the remaining allegations of

2   Paragraph 8.4(a).

3          b.     Answering the first and second sentences of Paragraph 8.4(b), KCHA

4   admits that Family Self-Sufficiency ("FSS") is a federal program administered by HUD,

5   through agencies like KCHA, but states that the federal regulations, 29 C.F.R. § 984.101 and

6   29 C.F.R. § 984.102, speak for themselves. As to the third sentence of Paragraph 8.4(b), KCHA

7   admits that it participates in the FSS program and denies the remaining allegations. Answering

8   the fourth sentence of Paragraph 8.4(b), KCHA admits that it has certain obligations under the

9   statute, 42 U.S.C. § 1437u(c)(4), and the regulation, 24 C.F.R. § 984.303, but states that the

10  federal statute and regulation speak for themselves. KCHA admits the allegations in the fifth

11  sentence of Paragraph 8.4(b). Answering the sixth sentence of Paragraph 8.4(b), KCHA admits

12  that it employs certain residents of public housing as landscape cleaners, HCV staff, or other

13  entry level positions, but deny the remaining allegations in that sentence. KCHA further states

14  that the primary objective of the FSS program is not to provide employment.

15         c.     Answering the first and second sentences of Paragraph 8.4(c), KCHA

16  admits that it has certain legal obligations under Section 3 of the Housing Urban Development

17  Act of 1968, Pub L. 90-448, § 3 ("Section 3") but states that Section 3 speaks for itself. KCHA

18  denies the allegations in the third sentence of Paragraph 8.4(c); Plaintiff's citation to 12 U.S.C.

19  § 17u(a)(4) is inaccurate because 12 U.S.C. § 17u(a) lists "Findings," not objectives."

20  Answering the fourth sentence of Paragraph 8.4(c), KCHA admits that it has certain legal

21  obligations under Section 3 but states that Section 3 speaks for itself. KCHA further states that

22  the primary objective of Section 3 is not to provide employment.

23         8.5.    KCHA denies the allegations of Paragraph 8.5.

24         8.6.    KCHA denies the allegations of Paragraph 8.6.

25         8.7.    KCHA denies the allegations of Paragraph 8.7.

26         8.8.    KCHA denies the allegations of Paragraph 8.8.

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:100424185.6

1

2

## IX. SIXTH CAUSE OF ACTION[1]
### Breach of Promise of Specific Treatment in Specific Circumstances as to Defendant KCHA

3

4

9.1     Answering Paragraph 9.1, KCHA reasserts and incorporates its answers to Paragraphs 1.1 through 3.59.

5

6

9.2     Answering Paragraph 9.2, KCHA admits that it adopted written employee policies which were provided to employees in various ways, including through its Employee Handbook and revisions thereto. KCHA states that the employee policies, including, without limitation, the Employee Handbook, speak for themselves.

7

8

9

10

9.3     Answering Paragraph 9.3, KCHA states that the employee policies speak for themselves.

11

12

9.4     Answering Paragraph 9.4, KCHA states that the employee policies speak for themselves.

13

14

9.5     Answering Paragraph 9.5, KCHA states that the January 2016 revisions to the employee policies speak for themselves.

15

9.6     KCHA denies the allegations of Paragraph 9.6.

16

9.7     KCHA denies the allegations of Paragraph 9.7.

17

9.8     KCHA denies the allegations of Paragraph 9.8.

18

9.9     KCHA denies the allegations of Paragraph 9.9

19

20

## X. SEVENTH CAUSE OF ACTION
### Breach of Express or Implied Contract as to Defendant KCHA

21

22

10.1     Answering Paragraph 10.1, KCHA reasserts and incorporates its answers to Paragraphs 1.1 through 3.59.

23

10.2     KCHA reasserts and incorporates its answers to Paragraphs 9.2 through 9.7.

24

10.3     KCHA denies the allegations of Paragraph 10.3.

25

26

[1] Defendant KCHA filed a motion to dismiss Plaintiffs Howell's and Ramirez Robson's Title VI claim on July 28, 2022 (Dkt. #17) and reserves all rights under that motion.

ANSWER TO FIRST AMENDED COMPLAINT - 22
[Case No. 2:22-cv-00645]

1    10.4    KCHA denies the allegations of Paragraph 10.4.

2    10.5    KCHA denies the allegations of Paragraph 10.5.

3                              **XI. JURY DEMAND**

4    Section XI simply asserts Plaintiffs demand for a jury to which no answer is required.

5                    **X. PLAINTIFFS' PRAYER FOR RELIEF**

6    Defendants deny that Plaintiffs are entitled to any recovery or relief against Defendants.

7                    **DEFENSES AND AFFIRMATIVE DEFENSES**

8    1.    Plaintiffs fail to state a claim for which relief may be granted.

9    2.    Plaintiffs' claims may be barred in whole or in part by the doctrines of waiver,

10   estoppel, and/or laches.

11   3.    Plaintiffs are not entitled to recover alleged damages to the extent they failed to

12   mitigate their damages and/or protect themselves from avoidable consequences.

13   4.    To the extent discrimination not involving a tangible employment action is

14   claimed, any such claim is barred, in whole or in part, because Defendants exercised reasonable

15   care to prevent and correct promptly any alleged discrimination and/or because Plaintiffs

16   unreasonably failed to take advantage of the preventive or corrective opportunities provided by

17   Defendants or to avoid harm otherwise.

18   5.    Defendants' actions regarding Plaintiffs' employment were made in good faith

19   for legitimate, non-discriminatory, and non-retaliatory business reasons.

20   6.    Plaintiffs lack standing to seek some or all of the relief in the Prayer for Relief

21   of the First Amended Complaint.

22   7.    Any claim for punitive damages against KCHA fails because KCHA is a

23   government agency.

24   8.    Any claim for punitive damages fails because Defendants lacked the requisite

25   intent as to any alleged aggrieved Plaintiffs, made good faith efforts to implement an anti-

26   discrimination policy in the workplace, made good faith efforts to prevent discrimination in the

ANSWER TO FIRST AMENDED COMPLAINT - 23
[Case No. 2:22-cv-00645]

FG:100424185.6

1  workplace, and/or otherwise made good faith efforts to comply with all applicable federal

2  statutes and did not act with reckless indifference to Plaintiffs' federally protected rights.

3       9.     Any differentials in compensation between similarly situated employees of

4  different genders (which Defendants deny) were based in good faith on a bona fide job-related

5  factor or factors consistent with business necessity and not based or derived from a gender-

6  based differential.

7       Defendants reserve the right to assert other affirmative defenses based on discovery and

8  investigation to be conducted in this action.

9  **PRAYER FOR RELIEF**

10       Defendants pray for the following relief:

11       A.     For an order dismissing all of Plaintiffs' claims with prejudice;

12       B.     For an award of attorney's fees and costs as allowed by law; and

13       C.     For such other and further relief as the Court deems just, proper, and equitable.

14       DATED this day of __29th__ day of July, 2022.

15                        FOSTER GARVEY PC

16

17                    By */s/ Steven R. Peltin*
                      Steven R. Peltin, WSBA #28862

18                        (206) 447-6215, direct
                      steve.peltin@foster.com, email

19

20                    By */s/ Matthew R. Kelly*
                      Matthew R. Kelly, WSBA #48050

21                        (206) 816-1347, direct

22                        matthew.kelly@foster.com, email

23                    FOSTER GARVEY PC
                  1111 Third Avenue, Suite 3000

24                    Seattle, WA 98101
                  Tel: (206) 447-4400 / Fax: (206) 447-9700

25                    *Attorneys for King County Housing Authority*
                  *and Stephen J. Norman*

26

ANSWER TO FIRST AMENDED COMPLAINT - 24
[Case No. 2:22-cv-00645]

FG:100424185.6

**CERTIFICATE OF SERVICE**

I, Christy Reynolds, hereby certify that on July 29, 2022, I caused the foregoing ANSWER TO FIRST AMENDED COMPLAINT to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED at Seattle, Washington, this  29th  day of July, 2022.

*/s/ Christy Reynolds*
Christy A. Reynolds, Legal Practice Assistant
(206) 816-1486, direct
christy.reynolds@foster.com

ANSWER TO FIRST AMENDED COMPLAINT - 25
[Case No. 2:22-cv-00645]

FG:100424185.6